IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton, ) | C/A No. 3:16-468-MBS-JDA |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Dr. Peggy Wadman, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

James B. Skelton ("Plaintiff"), proceeding pro se, brings this civil action alleging professional malpractice. Plaintiff is a non-prisoner, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## **BACKGROUND**

Plaintiff, a resident of Gaston, South Carolina, alleges the following pertinent facts. Several months after he was deemed competent on March 12, 2013, Doctor Peggy Wadman ("Wadman") made slanderous remarks to the VA Regional Office which caused the VA to rule that Plaintiff was incompetent. [Doc. 1.] He contends that it was wrong for one doctor to be able to determine whether a person is competent. [*Id.*] Plaintiff contends that Wadman abused his patient rights. [*Id.*] He alleges he has bi-polar disorder, and he should have stem cell treatment to reverse it. [*Id.*] Plaintiff alleges that he brings this lawsuit to seek a better quality of life, and he alleges that stem cell treatment is a new treatment for bi-polar and many more illnesses and diseases. [*Id.*]

Plaintiff seeks from Wadman $1 million in order to pay for stem cell treatment, damages for pain and suffering, and a letter of apology. [*Id.*]

Plaintiff attached exhibits to the Complaint that indicated Wadman may work for the United States Department of Veterans Affairs. [Doc. 1-1, Doc. 1-2.] In the Complaint,

Plaintiff also indicated that Wadman's address is the Columbia Regional Care Center on Farrow Road in Columbia, South Carolina. [Doc. 1.] This Court sent special interrogatories to Plaintiff to inquire if he knew whom employed Wadman during the time of the facts in the Complaint. [Doc. 7.] Plaintiff responded that Wadman "used to work for Dorn VA Medical Center where she violated my rights to privacy." [Doc. 9.]

This Court also directed Plaintiff to explain why this Court has subject matter jurisdiction over this civil action. [Doc. 7.] Plaintiff responded, "it is a federal matter when my civil rights are violated when a federal employee can loose his rights due to the illegal hacking into his medical file." [Doc. 9.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could

prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute."  *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see also Nat'l Fed. of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2576 (2012) (explaining that the federal government possesses only limited powers).  Because federal courts have limited subject matter jurisdiction, there is no presumption that the Court has jurisdiction.  *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required *sua sponte* to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint."  *Pinkley, Inc.*, 191 F.3d at 399.  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for

3

the court's jurisdiction[.]" If, however, the Complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Id.* Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). If the Court, viewing the allegations in the light most favorable to Plaintiff, finds insufficient allegations in the pleadings, the Court will lack subject matter jurisdiction. *Id.*

Plaintiff's claim for professional malpractice against Wadman seems to be a state law negligence claim. A plaintiff may file a state law claim in a federal court under the diversity statute, 28 U.S.C. § 1332, if that statute's requirements are satisfied. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). With the exception of certain class actions, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). *See id.*; 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that the citizenship of every plaintiff must be different from the citizenship of every defendant. *Central West Virginia Energy Co.*, 636 F.3d at 103. Here, Plaintiff seems to allege that both he and Wadman are domiciled in South Carolina. Thus, complete diversity is lacking. Accordingly, this Court has no diversity jurisdiction over this action.

If a plaintiff's complaint raises a federal question, then this Court may have subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. A federal question relates to an action "'... arising under the Constitution, laws, or treaties of the United States.'" *See In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) (citation omitted).

Plaintiff does not specifically allege a violation of the United States Constitution or any federal law; instead, he seems to allege a right to privacy possibly related to his medical records such that his civil rights were violated.  Liberally construed, if Plaintiff alleges a *Bivens* claim against Wadman for a violation of the federal law known as HIPAA (the Health Insurance Portability and Accountability Act of 1996), this law pertaining to confidentiality of medical records does not confer a private right of action on an individual.[1]  *White v. Brand*, No. 2:08-CV-255, 2009 WL 2105993, at *2 (E.D.Tenn. July 13, 2009); *Suggs v. North Strand OB/GYN*, No. 07-3911-TLW-TER, 2009 WL 113445, at *5 (D.S.C. Jan. 14, 2009); *Williams v. Jones*, No. 9:07-CV-3437-MBS-GCK, 2008 WL 948285, at *5 (D.S.C. April 4, 2008) (finding that Plaintiff cannot file a § 1983 claim based upon a violation of HIPAA); *Hopkins v. Bethea*, No. 3:06-3467-MBS-JRM, 2007 WL 1231652, at *5 (D.S.C. April 23, 2007) (finding that Plaintiff's allegation of a HIPAA violation did not create federal question jurisdiction in this Court).

Additionally, if Plaintiff seeks to pursue a negligence claim based on a federal employee's misconduct under the Federal Tort Claims Act ("FTCA"), this Court lacks jurisdiction over the claim.  A suit under the FTCA lies only against the United States, which is not named as a defendant.  *See* 28 U.S.C. § 2674; *Cibula v. United States*, 664 F.3d 428, 429–30 (4th Cir. 2012).  A federal district court lacks subject matter jurisdiction over claims asserted against federal agencies or individual federal employees.  *See Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); 28 U.S.C. § 2679.  Therefore, there is no federal question jurisdiction over this action.

---

[1] If Plaintiff sufficiently alleges federal question jurisdiction, this action should still be dismissed because he fails to state a plausible claim on which relief may be granted.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  See *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**

April 19, 2016                              S/Jacquelyn D. Austin
Greenville, South Carolina          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).