IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James B. Skelton,<br><br>     Plaintiff,<br><br>vs.<br><br>Dr. Peggy Wadman,<br><br>     Defendant. | C/A No. 3:16-468-MBS<br><br>**ORDER AND OPINION** |

Plaintiff James B. Skelton, proceeding pro se and in forma pauperis, filed a complaint on February 12, 2016, alleging that Defendant Dr. Peggy Wadman, who it appears is employed by the United States Department of Veterans Affairs (VA), made slanderous remarks about him and invaded his privacy at the Veteran's Administration Regional Office. Plaintiff contends that Defendant's conduct caused the VA to rule he is incompetent. Plaintiff appears to allege causes of action for professional malpractice and violation of his right to privacy in his medical records.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915. The Magistrate Judge, liberally construing Plaintiff's allegations, determined that (1) the court lacks diversity jurisdiction to the extent Plaintiff brings a state law claim for malpractice; (2) to the extent Plaintiff alleges a violation of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), HIPAA does not confer federal jurisdiction because Plaintiff has no private right to sue Defendant for the alleged HIPAA violation, see Krug v. Stonerock, C/A No. 4:11-3297-CMC-JRM, 2011 WL 6982226 (D.S.C. Dec.19, 2011); and (3) to the extent Plaintiff wishes to pursue a negligence claim under the Federal Tort Claims Act,

the court lacks subject matter jurisdiction over claims asserted against individual federal employees. Accordingly, the Magistrate Judge recommended that action be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed no objection to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court concurs in the recommendation of the Magistrate Judge. The within action is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 13, 2016